**IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF OHIO**
Columbus, Ohio



FILED
RICHARD W. NAGEL
CLERK OF COURT

2016 MAY -3  PM 2: 54

U.S. DISTRICT COURT
SOUTHERN DIST. OHIO
EAST. DIV. COLUMBUS

| | |
|---|---|
| **LARRY L. LOWER, II**<br>3411 Clime Road<br>Columbus, OH  43223 | **COMPLAINT**<br><br>$2:16CV0394$<br><br>Case No.<br><br>Judge Marbley<br><br>MAGISTRATE JUDGE JOLSON<br><br>**JURY DEMAND**<br><br>**HEREON** |

Plaintiff,

v.

**CITY OF COLUMBUS**
90 West Broad Street
**ENDORSED**
Columbus, OH  43215

and

**ALLISON LIPPMAN, ESQ.**
375 S. High Street, 17th Floor
Columbus, OH  43215

and

**LARA BAKER-MORRISH, ESQ.**
375 S. High Street, 17th Floor
Columbus, OH  43215

and

**GLENN WILLER, ESQ.**
375 S. High Street, 17th Floor
Columbus, OH  43215

Defendants.

Now comes Plaintiff Larry L. Lower, II and for his Complaint against

Defendants states the following:

1

## JURISDICTION AND VENUE

- Plaintiff's claims arise, in part, under 42 U.S.C. 1983, therefore this Court has jurisdiction to hear the federal questions set forth in the Complaint.

- This Court has pendent jurisdiction over Plaintiff's state law claims.

- Venue is proper in that all the factual allegations giving rise to the Complaint occurred in the Southern District of Ohio and all Defendants are located in the Southern District of Ohio.

## FACTUAL BACKGROUND

- At all relevant times herein, Plaintiff Larry L. Lower, II ["Plaintiff"] was an individual residing in Franklin County, Ohio.

- Trina Lower Jackson is Larry Lower's ex-wife.

- Defendants Lippman, Baker and Willer are prosecuting attorneys employed by the City of Columbus; Defendant Baker is a supervisor over Defendant Lippman and Willer.

- On November 30, 2013, Trina Lower Jackson called the Franklin County Sheriff's office and reported falsely that she was a victim of domestic violence and assault at the hands of Larry Lower.

- Larry Lower did not assault his wife on November 30, 2013, and had never assaulted his wife prior to or after that date.

- Based partially on the false information provided to police by Trina Jackson, Mr. Lower was arrested and charged with domestic violence, assault and menacing.

- Mr. Lower was forced to plead to obstructing official business to avoid a costly trial as a result of the false information reported by Trina Jackson.

- Trina Jackson subsequently used the same information she reported on November 30, 2013, to file a complaint for a restraining order against Mr. Lower.

- Trina Jackson successfully obtained a protection order against Larry Lower prohibiting him from being within 500 feet of her person, by default.

- Larry Lower and Trina Lower Jackson were each represented by counsel in their divorce proceedings.

- Attorney Eddie Pfau represented Larry Lower.

- Ronald A. Wittel, Jr., represented Defendant Trina Jackson.

- In early June 2014, Mr. Lower exchanged emails with his pastor regarding his wife Trina Lower.

- Trina Lower Jackson subsequently contacted the police and prosecutor's office to urge that Larry Lower be prosecuted for allegedly violating the protection order by exchanging emails with his religious advisor.

- In the course of the divorce proceedings, counsel for Mr. Lower and

Trina Jackson Lower negotiated the terms of a divorce decree.

- A final hearing in the divorce proceedings was held on June 19, 2014, and a final divorce decree was approved by the court the same day.

- Ron Wittel drafted the final divorce decree which included language allowing Mr. Lower to retrieve his car with a police escort.

- The decree was e-filed and the court signed and approved it via the e-filing system at the conclusion of the hearing.

- Per the terms of the decree he agreed to, Mr. Lower would be permitted to retrieve certain personal belongings, including a vehicle, from Trina Jackson's personal residence at 2234 Delavan Drive, so long as a police escort was present.

- Subsequent to that, and without the knowledge of Larry Lower, Mr. Wittel amended the wording in the divorce decree to reflect that Mr. Lower could retrieve his car only through a third party.

- Ron Wittel e-filed an amended divorce decree, without the knowledge or consent of Mr. Lower, on June 25, 2014.

- The amended decree was filed without a pending motion to amend and without the permission of the court.

- The amended decree was not initialed by the parties.

- On July 18, 2014, Mr. Pfau called Trina Lower Jackson, who was unrepresented at the time, to let her know that Mr. Lower would be coming on

the following day to retrieve his property; that same day, Trina Lower Jackson called Ron Wittel to let him know of Mr. Lower's intention to come and retrieve his car.

- On July 19, 2014, Mr. Lower went to 2234 Delavan Drive to pick up his car.

- On the way there, and before he arrived anywhere near the residence, Mr. Lower called police to tell them he was on his way there and to request that they meet him there.

- Upon his arrival, Mr. Lower showed the responding officer his copy of the divorce decree allowing him to retrieve his car with police present.

- At the time he arrived at Ms. Lower's house on July 19, 2015, Mr. Lower was acting in full compliance with the terms of the divorce decree, including the language stating that he could pick up his car with a police escort.

- Mr. Lower was unaware that counsel for his ex-wife had changed the language in the decree to state that the retrieval must be through a third party and that counsel had filed that amended decree without the permission or approval of the court.

- When Mr. Lower arrived, Trina Lower Jackson called Ron Wittel; Trina Lower Jackson then told the responding officers that if they simply escorted Mr. Lower off the property, she would have them fired.

- Mr. Lower was arrested at the scene and incarcerated.

5

- On July 19, 2014, the City of Columbus filed a Complaint in the Franklin County Municipal Court charging Defendant Larry Lower with one count of violating a protection order issued by Judge Elizabeth Gill in Case No. 13 DV 2107, Franklin County Court of Common Pleas.

- On September 23, 2014, counsel for Mr. Lower filed a motion to dismiss the criminal charge against him for violating the protection order.

- Counsel correctly pointed out to the court and the city attorney's office that Mr. Lower could not have violated the protective order because he was operating pursuant to another valid court order, the final divorce decree signed into effect June 19, 2014.

- When he became aware that Ron Wittel had filed an amended decree, without his permission or knowledge, Mr. Lower filed a motion *pro se* to vacate the decree on December 8, 2014.

- The motion to vacate the second divorce decree was pending at the time of the criminal prosecution against Mr. Lower for allegedly violating the protection order.

- A written decision was filed on the motion to vacate on March 12, 2015; the court vacated the amended divorce decree.

- Attorney Sallynda Dennison subsequently took over Mr. Lower's defense.

- A trial was held and Mr. Lower was convicted of the violation of the

6

protection order.

- Defendants Lippman and Willer handled the prosecution and trial of Mr. Lower on behalf of the State; Defendant Baker was directly involved in the decision to prosecute Larry Lower and was directly involved and participated in prosecution and trial strategy related to Larry Lower.

- In addition to and prior to handling the trial, Defendants Willer, Lippman and Baker actively undertook to investigate Larry Lower, outside their role as judicial advocates, and gather evidence to use against him.

- During this period of time, Defendant prosecutors were acting as investigators, not as judicial advocates.

- During the trial, Defendant prosecutors Willer and Lippman, under Defendant Baker's supervision and with her knowledge and direct participation, threatened Mr. Pfau with criminal prosecution and thereby prevented him from giving testimony to the jury regarding the valid court order (the divorce decree) in place at the time that Mr. Lower had allegedly violated the protection order; Defendant Baker was directly involved in the decision to threaten Mr. Pfau with criminal prosecution.

- Attorney Dennison filed a motion for a new trial and an appeal of the conviction.

- The trial court issued an order setting aside the guilty verdict and vacating the conviction and sentence on May 7, 2015.

- The prosecutors dismissed the case on May 13, 2015.

7

- As a result of his conviction on the violation of the protection order, Mr. Lower was convicted of violating probation in another matter and incarcerated.

- Judge Brandt issued an entry, however, vacating the probation violation due to its "being based on a wrongful conviction" in case number 14 CRB 17650.

- On June 22, 2015, Mr. Lower was at the Franklin County Courthouse to attend a hearing on a complaint for a protection order he filed against Trina Lower Jackson.

- Defendant Trina Lower disguised herself with a wig that day and entered the courthouse and sat at the far end of the hallway, as far away from the courtroom as possible.

- Defendant Trina Lower did not respond when the bailiff called her name repeatedly for the hearing.

- Mr. Lower was unaware that Trina Lower was wearing a disguise.

- Mr. Lower walked toward the woman with a wig who was, unbeknownst to him, actually Defendant Trina Lower Jackson.

- As Mr. Lower approached the woman, she suddenly raised her head and revealed herself as Trina Lower Jackson.

- Trina Lower Jackson thereafter immediately reported Mr. Lower for violating the protection order in place against him and urged that charges be filed against him and advocated for his immediate incarceration.

- In fact, even after seeing video that indicated Plaintiff was baited into an unwitting violation of the protective order, prosecutors did bring new charges against Mr. Lower based on this incident; after to pre-trial hearings and two other hearings on the matter, prosecutors dismissed the charges.

## COUNT ONE – MALICIOUS PROSECUTION – AS AGAINST ALL DEFENDANTS

- Plaintiff incorporates herein the factual allegations set forth above.

- All Defendants in this instance demonstrated malice in aiding, instituting or continuing the prosecution of Larry Lower for allegedly violating a protection order.

- Defendant prosecutors acted maliciously to continue the prosecution of Mr. Lower while knowing there was no violation of the protection order; specifically, they knew there was another valid court order in place and they knew that Larry Lower did not act recklessly and did not violate the protection order, yet they proceeded with prosecution anyway; as to the second incident, prosecutors were aware Plaintiff was baited into unknowingly violating the protection order, yet they proceeded with prosecution anyway.

- Defendant prosecutors acted maliciously to continue the prosecution of Mr. Lower by threatening his former attorney, the only witness who could provide exculpatory evidence on Mr. Lower's behalf, with criminal prosecution on the stand at trial.

- There was a complete and utter lack of probable cause to prosecute

9

Larry Lower in both incidents describes hereinabove and Defendant prosecutors knew it.

- Defendants acted maliciously, in bad faith or wantonly and recklessly in proceeding with the prosecution with no probable cause whatsoever.

- None of the Defendants could have had a good faith belief in the Plaintiff's guilt because they knew or should have known that he was acting according to a valid court order at the time and they knew or should have known that he was baited into violating the court order in the second incident.

- The prosecution terminated in Mr. Lower's favor when the verdict against him was set aside and vacated; in the second incident, the prosecution terminated in Plaintiff's favor when prosecutors dismissed the charges.

- Defendants acted with malicious purpose, in a wanton and reckless manner and in bad faith in their prosecution of Plaintiff in both incidents described hereinabove.

## COUNT TWO – 42 U.S.C 1983 – FOURTH AMENDMENT VIOLATION – AS AGAINST PROSECUTOR DEFENDANTS

- Plaintiff incorporates herein the factual allegations set forth above.

- Two criminal prosecution were initiated against Plaintiff and the Defendants, in their various capacities acting under color of state law, made, influenced or participated in the decision to prosecute Plaintiff.

- As described hereinabove, the prosecution was without probable cause and thereby violated clearly-established constitutional rights.

- Plaintiff suffered a deprivation of his constitutional rights in that he was unlawfully prosecuted without probable cause.

- The prosecution resolved in Mr. Lower's favor because his conviction was reversed and all the charges against him were dismissed with prejudice and the case was dismissed before trial in the second incident.

## COUNT THREE – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AS AGAINST PROSECUTOR DEFENDANTS

- Plaintiff incorporates herein all the allegations set forth above.

- Defendant prosecutors have exhibited extreme and outrageous conduct in persisting with the prosecution of Larry Lower on two occasions despite knowing that he did not violate the protection order.

- Defendant prosecutors' conduct has caused extreme and severe emotional distress to Larry Lower and he has sought medical treatment as a result of their actions.

- Defendants intended to cause Larry Lower emotional harm and trauma and/or they acted with callous disregard for his rights such that they knew or should have known emotional trauma would result.

**WHEREFORE,** Plaintiff Larry Lower demands judgment against each of the Defendants for compensatory damages in order to be fully, fairly and completely compensated for the damages and injuries caused by Defendants'

negligent and intentional conduct, for punitive damages, for the cost of this action, for prejudgment and post-judgment interest according to law, for attorney's fees, and for such further relief as this court deems appropriate and proper under the circumstances.

Dated:  May 3, 2016

Plaintiff *Pro Se* Larry Lower

## JURY DEMAND

Plaintiff hereby demands that all issues presented in this Complaint be tried to a jury.

5-3-2016

Plaintiff *Pro Se* Larry Lower